# In the United States Court of Federal Claims

No. 16-1710
(Filed: July 8, 2021)

**NOT FOR PUBLICATION**

*************************************
GORDON R. HOLMES,                  *
                                   *
            Plaintiff,             *
                                   *    Remand Order; Incapacitation Pay
     v.                            *    Claim; Disability Severance Claim;
                                   *    RCFC 52.2.
THE UNITED STATES,                 *
                                   *
            Defendant.             *
*************************************

*Sheridan England*, S.L. England, PLLC, Alexandria, VA, for Plaintiff.

*Margaret J. Jantzen*, U.S. Department of Justice, Washington, DC, and *Major Nicholas Morjal*, U.S. Army Litigation Division, of counsel, for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

On June 22, 2021, the Court held a telephonic status conference to discuss further proceedings in this case because of the outstanding issues raised in the parties' respective notices under Rule 52.2 of the Rules of the Court of Federal Claims ("RCFC"). RCFC 52.2(e) provides when remand proceedings have concluded, each party must file a notice stating whether the final decision or other action on remand "affords a satisfactory basis for disposition of the case[,]" or "whether further proceedings before the court are required[.]" RCFC 52.2(e)(1)(A)-(B).

In his notice, plaintiff, Gordon R. Holmes, states that the relief obtained on remand did not dispose of all his claims, and, therefore, he requests that the Court adjudicate the case on the merits. Pl.'s 52.2 Notice at 1 [hereinafter Pl.'s Notice], ECF No. 92. Specifically, Mr. Holmes argues that, while the government "settled *some* of [his] claims via an Informal Physical Evaluation Board ("PEB") proceeding[,]" the government miscalculated his disability severance compensation and also did not address his incapacitation pay claim. *Id.* at 1-2.

In response, the government provides a detailed explanation for its position that Mr. Holmes's disability severance was "properly calculated" in accordance with statutory requirements. Def.'s 52.2 Notice at 8-9 [hereinafter Def.'s Notice], ECF No. 93. The government also states that it agrees with Mr. Holmes's contention that his incapacitation pay claim remains unresolved. *Id.* at 9-10. To address the incapacitation pay claim, the government proposes "a

voluntary remand on the issue of whether and to what extent Mr. Holmes is entitled to incapacitation pay in light of the PEB findings from May 2020." *Id*. at 10.

For the reasons below, the Court finds that: (i) Mr. Holmes's disability severance claim has been resolved by agency action on remand and is now moot, and (ii) Mr. Holmes's incapacitation pay claim is appropriately remanded to the Army Board for Correction of Military Records ("ABCMR").

## I. Disability Severance Claim

On March 11, 2020, while on remand, an informal PEB determined that Mr. Holmes is 10% disabled, which entitled him to disability severance pay. Def.'s Status Report at 1, June 17, 2021, ECF No. 74. Mr. Holmes non-concurred with the informal PEB findings and requested a formal PEB. *Id*. However, prior to the hearing date for the formal PEB, the parties reached an Informal Reconsideration Agreement (the "Agreement") under which Mr. Holmes would be awarded a combat code for his unfitting condition but would maintain the same disability rating. *Id*. at 2. Mr. Holmes signed the Agreement dated May 11, 2020, and the informal PEB completed its actions on May 26, 2020. *Id*. The PEB recommended that Mr. Holmes be separated with a one-time disability severance payment for his unfitting condition. *Id*. The PEB also determined that his "disability disposition was based on disease or injury incurred in the line of duty." *Id*. As a result of the recommendation, the Defense Finance and Accounting Service ("DFAS") computed a disability severance payment of $34,088.40 payable to Mr. Holmes. Def.'s Status Report at 2, Nov. 13, 2021 [hereinafter Def.'s Nov. 13 Status Report], ECF No. 84. The government verified that Mr. Holmes received the payment on December 18, 2020. Def.'s Resp. to Mot. for Telephonic Conference at 12, ECF No. 89.

In his RCFC 52.2 notice, Mr. Holmes states that the informal PEB found that he "had 10 years and 19 days creditable service for retired pay." Pl.'s Notice at 2. He argues that the government "breached its agreement" when "the government calculated his disability severance based [on] six years of service as his time was calculated as 5 years, 9 months, and 21 days[.]" *Id*. He argues that the calculation should have been based on the PEB finding that Mr. Holmes had "10 years 19 days creditable service for retired pay." Pl.'s 52.2 Resp. at 1 [hereinafter Pl.'s Resp.], ECF No. 94. Mr. Holmes explains that "he signed the PEB [with] the understanding that he would receive pay for these years, not that these were the years that would be calculated to arrive at the 6 year figure." *Id.* at 1-2. Counsel for Mr. Holmes clarifies in a footnote in the notice that he "did not represent Plaintiff in [that] process, thus can only relay Plaintiff's position as Plaintiff wishes." *Id*. at 2 n.2.

The government argues that DFAS correctly calculated Mr. Holmes's disability severance pay based on Mr. Holmes's status as a member of the Army National Guard. Def.'s Notice at 6, 8. The government explains that:

> [D]isability severance pay for members of the Army National Guard, like Mr. Holmes, is based, in part, upon the member's total points earned during years that are considered 'good' years of

2

service (i.e., earning at least 50 points in a year), and not simply on
Mr. Holmes's total years of service in the armed forces.

*Id*. at 6. Further, the government points out that the calculation used by DFAS is nearly identical to that used by Mr. Holmes in his motion for judgment on the administrative record ("MJAR"), which likewise arrived at six years of service upon which to base his disability severance. *Id*. at 9; *see also* Pl.'s MJAR at 23, ECF No. 33.

During the status conference on June 22, 2021, the Court directly asked counsel for Mr. Holmes to confirm whether he agrees with the government's calculation for Mr. Holmes's disability severance pay. Status Conf. at 16:46-16:57, June 26, 2021 [hereinafter Status Conf.].[1] In response, counsel stated that Mr. Holmes had communicated to him that the calculation is not consistent with Mr. Holmes's understanding when he entered into the Agreement; however, counsel acknowledged that the government's calculation is consistent with statutory requirements. *Id.* at 17:02-17:08.

The Court is not persuaded by Mr. Holmes's unsupported statement that the calculation is not consistent with his understanding at the time of entering the Agreement. Mr. Holmes signed the Agreement. Def.'s Nov. 13 Status Report at 1, App. 1. The government calculated the one-time disability severance payment based on the statutory requirements, and such calculation nearly aligns with the calculation submitted by Mr. Holmes in his MJAR. *Id.* at 2; Def.'s Notice at 9; *see generally* Pl.'s MJAR at 23. The government made payment arrangements with Mr. Holmes. Def.'s Nov 13 Status Report at 1. The government completed the payment. Def.'s Resp. to Mot. for Telephonic Conference at 12. When questioned by the Court, Mr. Holmes's counsel acknowledged that the calculation is consistent with the statutory requirements. *See* Status Conf. at 17:02-17:09. Based on the record before the Court, the Court finds that the disability severance pay claim has been resolved by agency action on remand and is now moot.

## II. Incapacitation Pay Claim

In support of its request for a voluntary remand of Mr. Holmes's incapacitation pay claim, the government argues that it is within the power of the ABCMR, not the Court, to determine in the first instance whether Mr. Holmes is entitled to incapacitation pay and, if so, the amount payable. Def.'s Notice at 10-11. Mr. Holmes opposes the remand arguing that it is not allowable under RCFC 52.2 because the "maximum allowable remand time is six months" and the "incapacitation claim is properly before the Court and ripe for review." Pl.'s Resp. at 2. Mr. Holmes understandably wishes to proceed on the merits of his claim, as opposed to undergoing another remand in an already protracted litigation. *See id.* at 2. While the Court is sympathetic to Mr. Holmes's position and experience thus far, the Court finds that remand is the appropriate avenue for further proceedings on the incapacitation pay claim.

The Tucker Act authorizes the Court to "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2). RCFC 52.2(a) provides: "In any case within its jurisdiction, the court, on

---

[1] The Court cites to the timestamp for the electronic digital recording (EDR) for the June 26, 2021 status conference.

motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official." RCFC 52.2(b) further provides that an order remanding a case must "establish the duration of the remand period, not to exceed 6 months."

This Court's role in reviewing military pay cases is limited. *Riser v. United States*, 93 Fed. Cl. 212, 216 (2010). Judicial review of military correction boards is conducted under the Administrative Procedure Act, and such review is generally limited to the administrative record. *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006); *Albino v. United States*, 93 Fed. Cl. 405, 408 (2010); *see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Where a claim had been before a military board and the evidentiary record is inadequate or the military board's decision failed to account for certain evidence when rendering its decision, the proper course of action is to remand to the agency for additional investigation or explanation, not to conduct a *de novo* proceeding. *See Albino,* 93 Fed. Cl. at 409 (quoting *Florida Power & Light Co.*, 470 U.S. at 744) (internal quotations marks omitted).

It is not clear from the record exactly why Mr. Holmes's incapacitation pay claim was excluded from the initial remand. The government states that the incapacitation pay claim was not set forth in Mr. Holmes's initial complaint or the Court's remand instructions, so the ABCMR did not consider it. *See* Def.'s Notice at 10. Mr. Holmes counters that the incapacitation pay claim was "explicitly argued" in his MJAR—which was filed before the government's motion for remand—therefore, it logically flows that the claim had been raised and should have been considered as part of the remand. Pl.'s Resp. at 2. The government asserts that Mr. Holmes had an opportunity to respond to the proposed remand instructions, yet he opted instead to challenge the remand entirely. Def.'s Notice at 10. The government adds that the initial remand decision "granted Mr. Holmes different line of duty determinations that supersede the ABCMR's previous findings[,]" and such determinations "may impact a decision on incapacitation pay which the ABCMR has not yet considered." *Id*.

Regardless of the reason, it is clear the ABCMR did not consider Mr. Holmes's incapacitation pay claim, and, as a result, the administrative record is inadequate for the Court to conduct judicial review. In such an instance, the proper course of action is for the Court to remand to the agency for further consideration and a final decision, not for the Court to reach its own conclusions.

The Court does not agree with Mr. Holmes's argument that further remand in this case is not allowable. This Court has the power to remand appropriate matters with such direction as it deems proper and just. 28 U.S.C. § 1491; RCFC 52.2(a). RCFC 52.2(b) requires that the Court establish a remand period and that such period not exceed six months. RCFC 52.2(b)(1). It does not limit the authority of the Court to order additional remands as the Court deems appropriate. RCFC 52.2(a). Nevertheless, the Court acknowledges the length of this litigation and shares Mr. Holmes's desire to avoid further delays. The Court, therefore, denies the government's request for a remand period of 180 days and instead establishes a remand period of 90 days. The

government is instructed to exercise maximum diligence in reaching a timely decision with respect to Mr. Holmes incapacitation pay claim.

Accordingly, the government's motion for voluntary remand is **GRANTED-IN-PART** and **DENIED-IN-PART**. Pursuant to RCFC 52.2(a), this case is **REMANDED** to the ABCMR with the following instructions:

1. The ABCMR shall review Mr. Holmes's incapacitation pay claim and afford him any relief that he is entitled to receive. The ABCMR's decision shall explain in detail the reasons for its decision.

2. Mr. Holmes shall submit any material that he would like to be considered by the ABCMR in support of his incapacitation pay claim within 21 days of this Order.

3. If additional information from Mr. Holmes is needed for the ABCMR to conduct its review, the government shall request such information from Mr. Holmes and provide him a reasonable opportunity to produce such information. The ABCMR shall not deny Mr. Holmes's claim on the grounds of insufficient information without first providing Mr. Holmes an opportunity to produce the necessary information.

4. The duration of the remand period shall be 90 days. **The remand period shall terminate on Thursday, October 7, 2021**.

5. This case is **STAYED** pending completion of the remand.

6. The government shall notify the Court within 14 days of a decision on remand.

7. The government shall file status reports every 30 days providing progress of the remand.

Within 30 days after a decision on remand, Mr. Holmes shall file a stipulation of dismissal with prejudice if all his claims have been satisfactorily resolved. If all his claims have not been satisfactorily resolved, Mr. Holmes shall file a notice under RCFC 52.2(e).

The Clerk is directed to serve a certified copy of this Order on the Army Board for Correction of Military Records at: Department of the Army, Army Board for Correction of Military Records, 251 18th Street South, Suite 385, Arlington, VA 22202-3531.

**IT IS SO ORDERED.**

                                                        s/ Thompson M. Dietz
                                                        THOMPSON M. DIETZ, Judge